UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
WILLIAM DUFFY, GENE PANESSA and
JAMES MASCARELLA,

      Plaintiffs,

                 10 CV 3111 (SJ)

  -against-          **MEMORANDUM &**
                   **ORDER**

INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, GEORGE
STAMBOULODIS, EDWIN L. CHRISTIAN,
WALTER J. MC KENNA, CHRISTOPHER T.
CONFREY, JOHN R. POWERS, DANIEL
NOESGES, ROBERT LiMANDRI, and THE
NEW YORK CITY DEPARTMENT OF
BUILDINGS,

      Defendants.
--------------------------------------------------------X
A P P E A R A N C E S

LAW OFFICES OF FREDERICK K. BREWINGTON
556 Peninsula Boulevard
Hempstead, NY 11550
By: Frederick K. Brewington
Attorneys for Plaintiffs

LA REDDOLA, LESTER & ASSOCIATES, LLP
600 Old Country Road, Suite 224
Garden City, NY 11530
By: Robert James La Reddola
Attorneys for Plaintiffs

BRADY MCGUIRE & STEINBERG, LLP
603 Warburton Avenue
P.O. Box 176
Hastings-on-Hudson, NY 10706
By: James Michael Steinberg

Attorneys for Defendants International Union of Operating Engineers Local 14-14B, Edwin L. Christian, Walter J. McKenna, Christopher T. Confrey, John R. Powers, and Daniel Noesges

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
By:     Lauren J. Resnick
Attorneys for Defendant George A. Stamboulidis

THE CITY OF NEW YORK LAW DEPARTMENT
Office of Corporation Counsel
100 Church Street
New York, NY 10007
By:     Diana M. Murray
Attorneys for Defendants The New York City Department of Buildings and Robert LiMandri

JOHNSON, Senior District Judge:

Presently before the Court is Plaintiffs' William Duffy, Gene Panessa, and James Mascarella (collectively, "Plaintiffs") motion for a preliminary injunction:

(1) Staying Defendant International Union of Operating Engineers Local 14-14B ("the Union"); Defendants Edwin L. Christian, Walter J. McKenna, Christopher T. Confrey, John R. Powers, and Daniel Noesges, officials in the Union; any members or agents of the Union; and Defendant George Stamboulidis, Ethical Practices Attorney, from suspending or revoking Plaintiffs' membership in the Union, commencing disciplinary proceedings against the Plaintiffs or taking any other actions that could affect the Plaintiffs' membership in the Union ("First Request"); and

(2) staying Defendant The New York City Department of Buildings ("the Department"); the Department's Commissioner, Robert LiMandri ("Commissioner"); and the Department's officers and/or agents from suspending, revoking, or taking any action that would affect Plaintiffs' Hoist Machine Operator licenses ("Licenses") ("Second Request").

This Memorandum and Order addresses only Plaintiffs' Second Request—to wit, the request to prevent administrative proceedings instituted against Plaintiffs pursuant to the Commissioner's authority.[1] After considering the parties' submissions and oral argument, the Second Request in Plaintiffs' motion for preliminary injunction is DENIED.

In May 2010, the Department filed petitions against each Plaintiff at the Office of Administrative Trials and Hearings ("OATH"), an independent agency that conducts administrative hearings for other City agencies. (See Plaintiffs' Order to Show Cause and Temporary Restraining Order Exs. 5–7.) The petitions allege that Plaintiffs violated provisions of the New York City Administrative Code requiring carriers of the Licenses to be "of good moral character." (Id.) The bases of the charges were Plaintiffs' guilty pleas to federal criminal charges involving the construction industry. (Id.)

---

[1] This Court heard argument on the Second Request on October 21, 2010. Plaintiffs' First Request relates to their opposition to a petition for enforcement of a consent judgment and decree ("the Petition") in United States v. Local 14-14B of the International Union of Operating Engineers, 08-cv-3046 (SJ) (E.D.N.Y.). This Court will hear oral argument on the Petition at a later date. At that time, the Court will consider Plaintiffs' arguments presented in support of its First Request.

To succeed on a motion for a preliminary injunction, the moving party "must demonstrate (1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Fed. Express Corp. v. Fed. Espresso, Inc., 201 F.3d 168, 173 (2d Cir. 2000) (citations omitted); see also Lynch v. City of New York, 589 F.3d 94, 98 (2d Cir. 2009) ("Where the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the . . . [C]ourt should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim.").

Here, the Court need not consider the second prong because Plaintiffs cannot bear their burden under the first prong. Plaintiffs cannot show that, in the absence of this court enjoining the Department from proceeding with the OATH hearings and the Commissioner from making a decision based on the hearings' findings, Plaintiffs will suffer irreparable harm. As the Court noted during oral argument, the Administrative Law Judge's findings of fact support only a recommendation, not a decision, that the Commissioner may adopt, reject, or modify. See N.Y.C. Charter § 1046. Plaintiffs have adequate remedy in state tribunals to raise any due process concerns with the Commissioner's decision. See N.Y. C.P.L.R. art. 78 (providing for judicial review of agency determinations).

Therefore, because Plaintiffs have failed to demonstrate irreparable harm, their request for a preliminary injunction as to these possible actions by the Department and the Commissioner must be denied.

**CONCLUSION**

For the foregoing reasons, the portion of Plaintiffs' motion for preliminary injunction staying the Department and the Commissioner from taking any action that would affect Plaintiffs' Licenses is DENIED. As to the portion of Plaintiffs' motion for preliminary injunction staying the Union and the remaining Defendants from taking any other actions that could affect the Plaintiffs' membership in the Union, this Court will reserve decision pending oral argument.

**SO ORDERED.**

Dated: October 22, 2010  _____/s/_____
      Brooklyn, NY        STERLING JOHNSON, JR.
                              Senior United States District Judge