```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WILLIAM DUFFY, GENE PANESSA and
JAMES MASCARELLA,

                    Plaintiffs,
                                                        10 CV 3111 (SJ)

        -against-                                       MEMORANDUM &
                                                        ORDER

INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, GEORGE
STAMBOULODIS, EDWIN L. CHRISTIAN,
WALTER J. MC KENNA, CHRISTOPHER T.
CONFREY, JOHN R. POWERS, DANIEL
NOESGES, ROBERT LiMANDRI, and THE
NEW YORK CITY DEPARTMENT OF
BUILDINGS,

                    Defendants.
-------------------------------------------------------X
```

A P P E A R A N C E S

LAW OFFICES OF FREDERICK K. BREWINGTON
556 Peninsula Boulevard
Hempstead, NY 11550
By:   Frederick K. Brewington
Attorneys for Plaintiffs

LA REDDOLA, LESTER & ASSOCIATES, LLP
600 Old Country Road, Suite 224
Garden City, NY 11530
By:   Robert James La Reddola
Attorneys for Plaintiffs

BRADY MCGUIRE & STEINBERG, LLP
603 Warburton Avenue
P.O. Box 176
Hastings-on-Hudson, NY 10706

By: James Michael Steinberg
Attorneys for Defendants International Union of Operating Engineers Local 14-14B, Edwin L. Christian, Walter J. McKenna, Christopher T. Confrey, John R. Powers, and Daniel Noesges

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
By: Lauren J. Resnick
Attorneys for Defendant George A. Stamboulidis

THE CITY OF NEW YORK LAW DEPARTMENT
Office of Corporation Counsel
100 Church Street
New York, NY 10007
By: Diana M. Murray
Attorneys for Defendants The New York City Department of Buildings and Robert LiMandri

**JOHNSON, Senior District Judge:**

Presently before the Court are the following motions:

(1) Plaintiffs' William Duffy, Gene Panessa, and James Mascarella (collectively, "Plaintiffs") motion for a preliminary injunction staying Defendant International Union of Operating Engineers Local 14-14B ("the Union" or "Local 14"); Defendants Edwin L. Christian, Walter J. McKenna, Christopher T. Confrey, John R. Powers, and Daniel Noesges (collectively, with the Union, "Union Defendants"); any members or agents of the Union; and Defendant George Stamboulidis, Ethical Practices Attorney ("the EPA"), from suspending or revoking Plaintiffs' membership in the Union, commencing disciplinary proceedings against

2

the Plaintiffs, or taking any other actions that could affect the Plaintiffs' membership in the Union (Docket No. 2);

(2) motions to dismiss the Complaint by the EPA (Docket No. 35); the Union Defendants (Docket No. 21); and Defendants the New York City Department of Buildings and Robert LiMandri (collectively, "the City Defendants") (Docket No. 28).

In March 2011, the Court issued an oral order denying Plaintiffs' motion for injunctive relief against the EPA and Union Defendants and granting the EPA and Union Defendants' motions to dismiss, but reserving decision on the City Defendants' motion to dismiss. The Court now reaffirms these rulings and further GRANTS the City Defendants' motion to dismiss.

## BACKGROUND

### I. Factual Background

Local 14, a labor organization, represents heavy construction equipment operators throughout the five boroughs of New York City. Plaintiffs are members of Local 14 who hold Hoisting Machine Operator licenses. Defendants Christian, McKenna, Confrey, Powers, and Noesges are elected officials of Local 14.

Between 2003 and 2005, Plaintiffs and several other members and officers of Local 14 were indicted on criminal charges pursuant to the Racketeer Influenced

and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO") in the Eastern and Southern Districts of New York. In total, twenty-nine officers and members of Local 14 each pleaded guilty to various crimes including labor racketeering, extortion, mail fraud, embezzlement, and conspiracy. Following the indictments, Local 14 took steps internally to combat corruption, including the introduction of amendments to the Union's by-laws and a new Ethical Practices Code.

In July 2008, the Government commenced a civil RICO action, pursuant to 18 U.S.C. § 1964 to further combat corruption and organized crime influence in the Union's operations. United States v. Local 14-14B of the International Union of Operating Engineers, 08-CV-3046 (SJ) (JMA) (E.D.N.Y.) ("United States v. Local 14"). To settle the action, the Union and the Government entered into a Consent Decree, which was entered as Order and Judgment on August 11, 2008. (See Consent Decree and Judgment ("Consent Decree"), Compl. Ex. 1.)

The Consent Decree states that its purpose is to "eradicate corruption . . . and any organized crime influence within Local 14 while preserving the Local's strength and autonomy . . . ." (See Consent Decree at 2.) Accordingly, relevant to the pending motions, the Consent Decree enjoins Local 14 and all of its current and future officers, agents, representatives, employees, and members from engaging in acts of corruption. (See Consent Decree § III.) The Consent Decree ordered the appointment of an Ethical Practices Attorney (the "EPA") to, inter alia, investigate corruption concerning Local 14 and institute disciplinary proceedings against union

leaders and/or members who engaged in corrupt practices. (See Consent Decree §§ II.D, IV.B.) The Consent Decree also authorized a Hearing Officer to preside over any disciplinary hearings and to suspend from Union membership any officer or member who the Hearing Officer has determined engaged in corruption concerning Local 14. (See Consent Decree § V.) The Decree further provides for notice and appeal procedures for any determinations made by the EPA or the Hearing Officer. (See Consent Decree § VII.). Defendant Stamboulidis was appointed as the EPA and Steven C. Bennett was appointed as the Hearing Officer. (See Compl. ¶ 33.)

In February 2010, the EPA mailed notices ("Advisory Notices") to Plaintiffs advising them of potential disciplinary charges based on the acts which formed the basis for their convictions. (See Compl. ¶ 37.) In the Advisory Notices, the EPA invited the members to advocate as to why charges should not be filed against them. (See id.) Meanwhile, in May 2010, the City Defendants filed petitions against each Plaintiff at the New York City Office of Administrative Trials and Hearings ("OATH"), an independent agency that conducts administrative hearings for other City agencies, alleging that Plaintiffs violated the section 28-401.19 of the New York City Construction Code ("the Code") requiring carriers of the licenses to be "of good moral character." (See Compl. ¶¶ 69, 78, 85.) The bases of the charges were Plaintiffs' guilty pleas to federal criminal charges involving the construction industry. (See id.)

## II. Procedural Background

In July 2010, the EPA filed a Motion to Enforce Judgment ("the Petition") in United States v. Local 14; Plaintiffs entered an appearance in that action to oppose. Plaintiffs then filed this action[1] alleging: (1) claims pursuant to 42 U.S.C. § 1983 against the City Defendants for deprivation of due process rights and against the EPA and the Union Defendants for acting outside the scope of the Consent Decree; and (2) claims pursuant to New York State and New York City anti-discrimination law against all defendants. Plaintiffs also moved for a temporary restraining order ("TRO") and for preliminary and permanent injunctive relief against Defendants. This Court denied the motion for a TRO and preliminary relief. (See Docket Entry 7/13/2010.) Defendants then moved to dismiss the Complaint.

After oral argument, the Court denied Plaintiffs' motion for permanent injunctive relief against the City Defendants to enjoin the OATH hearings. (See Docket No. 45 ("October 22 Order").)[2] In January 2011, the Court entered an Order granting the EPA's Petition in the civil RICO action. (See United States v.

---

[1] Plaintiffs purport to file this action on behalf of themselves and of "a class of persons similarly situated who have been discriminated against in violation of the 14th Amendment of the Constitution, Due Process Clauses and other sections of the Constitution, [42 U.S.C.] § 1981, the Consent Decree, [and state and city anti-discrimination laws.]" (Compl. ¶ 22.) No other plaintiffs have joined this action.

[2] In December 2010, the OATH hearings for each Plaintiff proceeded, with the Administrative Law Judges ("ALJs") recommending suspension of each Plaintiff's license for one year. (See Letter from Robert LaReddola dated Dec. 23, 2010, Exs. A–C (Docket No. 52).) The Commissioner, in his discretion, rejected the ALJs' recommendations and ordered the licenses revoked. (See Letter from Robert LaReddola dated January 14, 2011, Exs. A–C (Docket No. 54).)

Local 14-14B, Docket 62 (the "Local 14 Order")).³ As noted, this Court denied Plaintiffs' motion for preliminary injunction as to the EPA and Union Defendants, granted the EPA's and Union Defendants' motions to dismiss, and reserved decision on the City Defendants' motion to dismiss.

## DISCUSSION

**I. Plaintiffs' Motion for Injunctive Relief**

To succeed on a motion for a preliminary injunction, the moving party "must demonstrate (1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Fed. Express Corp. v. Fed. Espresso, Inc., 201 F.3d 168, 173 (2d Cir. 2000) (citations omitted).

Here, the Court need not consider the second prong because Plaintiffs cannot bear their burden on the first. Plaintiffs argue that the EPA's Advisory Notices regarding possible disciplinary hearings against them and the Union Defendants' amendment of the by-laws to permit the same will inflict irreparable harm in the form of lost wages, loss of reputation, and potential removal from the

---

³ Plaintiffs have appealed the Local 14 Order to the Second Circuit. Further, Plaintiffs have instituted state court proceedings to challenge the Commissioner's decision to revoke the licenses. (See Exhibits to Letter from Diana Murray dated Feb. 22, 2011) (Docket No. 56).)

Union. But, "loss of wages by an identifiable group of employees does not qualify as irreparable harm in the Second Circuit." United States v. International Brotherhood of Teamsters 725 F. Supp. 162, 169 (S.D.N.Y. 1989), aff'd, 905 F.2d 610 (2d Cir. 1990). Like the union members in Teamsters, Plaintiffs are convicted felons, and therefore "potential suspensions should cause little further damage to their reputations." Id. Even if disciplinary proceedings are instituted, Plaintiffs have recourse to appeal to this Court pursuant to the Consent Decree and therefore suffer no irreparable harm. See id. (describing appellate procedures pursuant to consent decree); see also Consent Decree § VII (describing analogous appellate procedures applicable to United States v. Local 14). Accordingly, Plaintiffs' request for a preliminary injunction as to possible disciplinary actions by the EPA and the Union is denied.

## II. Defendants' Motions to Dismiss

### A. Legal Standard

"[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). "The court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of

plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Id. (citation omitted). A district court may consider evidence outside the pleadings when resolving a motion to dismiss for lack of subject matter jurisdiction. Id. (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).

In a Rule 12(b)(6) motion to dismiss for failure to state a claim, Plaintiffs' well-pleaded allegations, assumed to be true, must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Legal conclusions or threadbare recitals of the elements of a cause of action, supported by conclusory statements, should not be credited. Id. at 1950. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. In determining the adequacy of the complaint, the court may consider any written

instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint. Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005) (citation omitted).

B. Section 1983 Claim

To assert a § 1983 claim, a plaintiff must prove that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999) (citation omitted); Sybalski v. Independent Group Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008).

*1. Claim against the EPA and the Union Defendants*

Plaintiffs assert § 1983 claims against the EPA and the Union Defendants for acting outside the scope of the Consent Decree and for impermissibly amending the Union's by-laws, respectively. (See Compl. ¶37–62.) However, "[i]t is well settled that the actions of an officer appointed by a federal district court to oversee the implementation of a union consent decree do not constitute 'state action' for constitutional purposes." United States v. Mason Tenders District Council, No. 94-6487, 1997 WL 340993, at *6 (S.D.N.Y. June 20, 1997). The EPA's powers to bring disciplinary proceedings stem from amendments to the Union's Constitution, a private agreement. See United States v. International Brotherhood of Teamsters,

941 F.2d 1292, 1296 (2d Cir. 1991). As to the Union, "[a] Union or its officials . . . generally are not amenable to suit under § 1983 because they are not state actors." Jourdain v. Service Employees International Union Local 1199, No. 09-1942, 2010 WL 3069965, at *6 (S.D.N.Y. July 28, 2010). Plaintiffs therefore cannot state a plausible § 1983 claim for relief against the EPA and the Union Defendants; those claims are hereby dismissed.

*2. Claim against the City Defendants*

Plaintiffs also allege that, pursuant to § 1983, the City Defendants violated their Fourteenth Amendment right to due process by relying on unconstitutionally vague terms as the basis for initiating OATH proceedings against them, and by failing to provide them with procedural due process. (See Compl. ¶¶ 63–90.) These claims also must be dismissed.

> (a) Void-for Vagueness As-Applied[4]

---

[4] Plaintiffs, in their opposition brief, argue that the Complaint raises facial and as-applied vagueness challenges. (Pl. Opp. Mem. at 11–12.) The Second Circuit has stated that "[w]hether a facial void-for-vagueness challenged can be maintained when, as here, a challenge is not properly based on the First Amendment is unsettled." Dickerson, 604 F.3d at 743 (citing Farrell, 449 F.3d at 495 n.12 and United States v. Rybicki, 354 F.3d 124, 131–32 (2d Cir. 2003) (en banc) for the proposition that City of Chicago v. Morales, 527 U.S. 41 (1999), cast doubt on previous cases that had limited facial challenges for vagueness, but noting that Farrell and Rybicki both declined to resolve the conflict). Under one standard, "such challenges are permitted only when 'no set of circumstances exists under which the law would be valid.'" Dickerson, 604 F.3d at 743 (citing United States v. Salerno, 481 U.S. 739, 745 (1987)). Under another standard, such challenges may be permitted "only after concluding that the law is 'permeated' with vagueness, and, perhaps, that it infringes on a constitutional right and has no mens rea requirement." Id. at 744 (citing Rybicki, 354 F.3d at 131 and Arriaga v. Mukasey, 521 F.3d 219 (2d Cir. 2008)) (internal quotations omitted). To the extent that Plaintiffs allege a facial challenge, the claims are dismissed because they fail to plead these elements under either standard in the Complaint. The Court's conclusion is consistent with this Circuit's philosophy that "laws with civil consequences[,]" like the Code, receive "less exacting vagueness scrutiny." Lyn v. Incorporated Village of Hempstead, 308 F. App'x 461, 464 (2d Cir. 2009) (unpublished opinion) (citing Arriaga, 521 F.3d at 223).

"The Due Process Clause requires 'that laws be crafted with sufficient clarity to 'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited' and to 'provide explicit standards for those who apply them.'" Perez v. Hoblock, 368 F.3d 166, 174–75 (2d Cir. 2004) (citations omitted). "The first way that a law may be unconstitutionally vague as applied to the conduct of certain individuals is 'if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits.'" VIP of Berlin LLC v. Town of Berlin, 593 F.3d 179, 186–87 (2d Cir. 2010) (citing Hill v. Colorado, 530 U.S. 703, 732 (2000)). Even if a person of ordinary intelligence has notice of what a statute prohibits, the statute nonetheless may be unconstitutionally vague "if it authorizes or even encourages arbitrary and discriminatory enforcement." Dickerson v. Napolitano, 604 F.3d 732, 747 (2d Cir. 2010) (citations omitted).

Plaintiffs allege the following: (1) in 2009, they appeared before the New York City Department of Investigation to answer questions about their convictions and their licenses were renewed (Compl. ¶¶ 67–68, 76–77, 83–84); (2) in May 2010, the City Defendants filed charges against them pursuant to section 28-401.19(13) of the Code, which gives the Commissioner the power to suspend or revoke a license for several reasons, including "[p]oor moral character that adversely reflects on [the license holder's] fitness to conduct work regulated by this code . . . ." (see Compl. ¶¶ 69, 78, 85, 86); (3) no evidence for "poor moral

character" in May 2010, when the charges were filed, is presented, other than past criminal arrest history (Compl. ¶ 87); and (4) the grounds asserted for poor moral character relate back to events in 2003 and 2004 and are not relevant because Plaintiffs' licenses were renewed annually from 2003 to 2009 (see Compl. ¶ 88).

Even assuming their truthfulness, none of these allegations can "plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. "[R]egulations satisfy due process as long as a reasonably prudent person, familiar with conditions the regulations are meant to address and the objectives the regulations are meant to achieve, has fair warning of what the regulations require." Lyn v. Incorporated Village of Hempstead, No. 03-CV-5041, 2007 WL 1876502, at *10 (E.D.N.Y. June 28, 2007) (Hurley, J.) (citations omitted), aff'd, 308 F. App'x 461 (2d Cir. 2009) (unpublished opinion). Here, the charges against Plaintiffs specifically state that the criminal conduct—i.e., conspiracy to commit extortion and mail fraud— "constitutes poor moral character." (See Murray Decl. Exs. B–D, at 2.) Plaintiffs, long-time hoist machine operators and license holders, had fair warning that the Code precluded this type of criminal conduct. Moreover, the Code need not "achieve 'meticulous specificity,' which would come at the cost of 'flexibility and reasonable breadth.'" Dickerson, 604 F.3d at 747 (citations omitted).

As to arbitrary enforcement, "a court may determine that a statute provides adequate guidance if either: (1) the statute as a general matter provides sufficiently clear standards to eliminate the risk of arbitrary enforcement; or (2) even in the

absence of such standards the conduct at issue falls within the core of the statute's prohibition[.]" VIP of Berlin, 593 F.3d at 191 (citing Farrell v. Burke, 449 F.3d 470, 494 (2d Cir. 2006)). Here, even if the terms "bad moral character" or "good moral character" are not clear, conduct involving extortion and mail fraud is consistent with the former and antithetical to the latter; as such, such conduct clearly falls within the Code's prohibitions. In other words, "no reasonable enforcing officer . . . could doubt the law's application in the circumstances." Farrell, 449 F.3d at 494. Plaintiffs' as-applied vagueness claim must be dismissed.

(b) Procedural Due Process

Finally, Plaintiffs allege that the City Defendants "are not following any procedure which would satisfy due process under the 14th Amendment" because licenses are revoked even when the OATH Hearing Officer recommends otherwise. (Compl. ¶ 90.) "To establish a violation of due process, a plaintiff must (1) identify a constitutionally protected interest of which she was deprived by state action; and (2) show that she did not receive the process that was constitutionally due." Behrend v. Klein, Nos. 04-CV-5413 & 04-CV-5414, 2010 WL 627696, at *5 (E.D.N.Y. Feb. 22, 2010) (Garaufis, J.) (citing Zinermon v. Burch, 494 U.S. 113, 125 (1990)). Plaintiffs cannot meet this burden because the Complaint fails to identify a constitutionally protected interest or deprivation thereof; a single paragraph in their opposition to the City Defendants' motion to dismiss is not sufficient. See Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the

14

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") Even if Plaintiffs had properly alleged their constitutionally protected interest in their licenses or deprivation thereof, Plaintiffs fail to allege that they were not provided sufficient process. "Although the particular requirements of due process are situation-specific, generally, due process requires that a state afford persons some kind of hearing prior to depriving them of a liberty or property interest." See Behrend, 2010 WL 627696, at *7 (citing DiBlasio v. Novello, 344 F.3d 292, 302 (2d Cir. 2003)) (internal quotation marks omitted). In the Complaint, Plaintiffs do not assert that their licenses were revoked, or that they were deprived of a hearing prior to the revocation. The Court is aware that at this point Plaintiffs' licenses have been revoked, but Plaintiffs were not denied due process because they afforded a hearing before the decision was issued. Accordingly, this claim is dismissed.

B. State Law Claims

"It is well-settled that if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." Bernstein v. Misk, 948 F. Supp. 228, 243 (E.D.N.Y. 1997) (Glasser, J.) (citations and internal quotation marks omitted); see also 28 U.S.C. § 1367(c)(3). Having dismissed Plaintiffs' § 1983 claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

## CONCLUSION

For the foregoing reasons, the portion of Plaintiffs' motion for preliminary injunction staying the Union, Union Officials, and the EPA from taking any actions that could affect the Plaintiffs' membership in the Union is DENIED. All Defendants' motions to dismiss are GRANTED.[5] The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: June 29, 2011 _____/s/_____
      Brooklyn, NY                STERLING JOHNSON, JR.
                                  Senior United States District Judge

---

[5] The EPA's counter motion for a preliminary injunction in opposition to Plaintiffs' motion for preliminary injunction (Docket No. 27) is denied as moot.